UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CYRUS CASBY | CIVIL ACTION |
| VERSUS | NO. 14-1770 |
| MICHAEL RIEHLMAN, ET AL. | SECTION "L" |

### ORDER AND REASONS

Before the Court are four motions to dismiss for failure to state a claim from various Defendants, (Rec. Docs. 60, 61, 62, 64). Plaintiff Cyrus Casby has not responded.

### I. BACKGROUND

On June 2, 2011, Mr. Casby was charged in a one-count indictment under 18 U.S.C. § 844(i) (arson resulting in death and injury). On August 16, 2013, after a five-day trial in this Court, the jury found Mr. Casby guilty. On December 4, 2014, the Court sentenced Mr. Casby to life imprisonment. Over the course of his criminal proceedings, Mr. Casby was represented by a total of eight attorneys, as the Court made numerous appointments and accommodations to Mr. Casby's requests for counsel. Plaintiff Cyrus Casby now brings this civil action *pro se* under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), alleging constitutional violations of the prosecuting officials and defense attorneys in his criminal case.

### II. PRESENT MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

Various parties now bring motions to dismiss for failure to state a claim, as explained herein.

#### A. Gaynell Williams

Gaynell Williams, one of Mr. Casby's prior counsel in his criminal proceedings, moves for dismissal. (Rec. Doc. 60). Ms. Williams emphasizes that she is only noted in one paragraph of the amended complaint, where Mr. Casby alleges that she withheld discovery from him. Ms.

Williams argues that Mr. Casby's *Bivens* action against her cannot stand on the allegations. She further argues that she was not acting on behalf of the government when representing Mr. Casby in the then-capital proceedings, thus the *Bivens* action cannot stand. Moreover, she argues that any *Bivens* against her is premature, as Mr. Casby's conviction and sentence has not been overturned or expunged.

### B. Kerry Cuccia

Kerry Cuccia, another one of Mr. Casby's prior counsel in his criminal proceedings, moves for dismissal. (Rec. Doc. 61). Mr. Cuccia adopts the arguments of Ms. Williams. Mr. Cuccia argues that Mr. Casby's claims against him, which seem to center on Mr. Cuccia's failure to make a complaint about the wrongdoing of others, fail to state a claim.

### C. Valerie Jusselin

Valerie Jusselin, another one of Mr. Casby's prior counsel in his criminal proceedings, moves for dismissal. (Rec. Doc. 62). She argues that, acting as a criminal defense attorney on Mr. Casby's behalf, she cannot be subject to a *Bivens* claim because she was not acting under the color of federal law. She also argues any *Bivens* claim is premature.

### D. United States Defendants

Various Defendants from the U.S. Attorneys' Office for the Eastern District of Louisiana ("U.S. Defendants"), namely U.S. Attorney Kenneth Allen Polite, Jr., Assistant United States Attorneys ("AUSA") Maurice Landrieu, Gregory Kennedy, William Quinlan and Elizabeth Privitera move to dismiss. The U.S. Defendants argue that the *Bivens* claims against them should be dismissed because they are all entitled to absolute or qualified immunity. They also argue that any *Bivens* claim is premature.

### III.  DISCUSSION

####   A.  Mr. Casby's prior criminal defense attorneys are not federal officers for the purposes of a *Bivens* action

Mr. Casby's *Bivens* claims against his prior criminal defense attorneys fail to state a claim. A *Bivens* claim requires a showing that the defendant was a federal officer acting under color of federal law. Federal public defenders, court-appointed criminal defense attorneys, and private criminal defense attorneys are not federal officers for purposes of a *Bivens* claim. They do not act on behalf of the government, but rather serve the public by advancing the undivided interests of their clients. *See Allred v. McCaughey,* 257 Fed. App'x. 91, 92–93 (10th Cir.2007) (collecting cases); *Haley v. Walker,* 751 F.2d 284, 285 (8th Cir.1984) ("[A]n attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action."); *Bradford v. Shankman,* 772 F.2d 905 at *1 (6th Cir.1985) ("[A] private attorney and a federal public defender do not act under color of federal law for purposes of a *Bivens* action."); *Cox v. Hellerstein,* 685 F.2d 1098, 1099 (9th Cir.1982) ("[A] public defender does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant in a federal criminal proceeding."); *Sistrunk v. Breedy,* No. 11–889, 2011 WL 2976471 at *2, n. 6 (E.D. La. June 22, 2011) ("A federal public defender is neither a state actor for purposes of § 1983 nor a federal officer for purposes of *Bivens.*").

In this case, all of Mr. Casby's criminal defense attorneys acted as attorneys on his behalf, not on behalf of the Government or under color of federal law. Thus, the Plaintiff has no viable *Bivens* claim against Ms. Williams, Mr. Cuccia, and Ms. Jusselin, and those claims are dismissed. As Mr. Casby likewise has no viable *Bivens* claims against his other prior criminal defense attorneys, the Court will sua sponte dismiss those claims as well.

B.     **Mr. Casby's remaining *Bivens* claims are barred by *Heck***

The remaining *Bivens* actions in this lawsuit are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87 (footnote omitted). Although *Heck* addressed a *state* conviction, its reasoning has since been extended to likewise prohibit civil rights actions which, as here, would impugn a *federal* conviction. See, e.g., *Erwin v. Smith*, 103 Fed. App'x 854 (5th Cir. 2004); *Whitehurst v. Beaumont Police Department*, No. 98-40344, 1999 WL 683810, at *2 (5th Cir. Aug. 4, 1999); *Stevenson v. Reno*, 28 F.3d 26 (5th Cir. 1994). In particular, courts have held that *Heck* applies to *Bivens* actions. *See Stephenson v. Reno*, 28 F.3d 26, 26 (5th Cir. 1994); *see also Davis v. Van Hook*, No. CIV. 5:13-3277, 2014 WL 1248291, at *2 (W.D. La. Mar. 25, 2014) (collecting cases). *Heck* has also been extended to bar claims for declaratory and injunctive relief. *See, e.g.*, *Walton v. Parish of LaSalle*, 258 Fed. App'x 633, 633-34 (5th Cir. 2007); *Collins v. Ainsworth*, 177 Fed. App'x 377, 379 (5th Cir. 2005); *Shaw v. Harris*, 116 Fed. App'x 499, 500 (5th Cir. 2004). Claims barred by *Heck* are legally frivolous. *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

Under *Heck*, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, [then] the complaint must be dismissed unless the

plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. Here, if the Court were to find that Mr. Casby had a meritorious *Bivens* claim against any of the federal officials, that finding would necessarily imply the invalidity of his conviction or sentence. For example, a judgment in favor of Mr. Casby's allegations of prosecutorial misconduct would impugn his conviction. As Mr. Casby's conviction has not been reversed, expunged, or otherwise declared invalid, *Heck* thus bars the remaining *Bivens* claims in his complaint as premature. The Court therefore dismisses all remaining *Bivens* claims.

IV.  **CONCLUSION**

Accordingly, **IT IS ORDERED** that the motions to dismiss, (Rec. Docs. 60, 61, 62, 64), are **GRANTED**.

**IT IS FURTHER ORDERED** that the Court sua sponte **DISMISSES** all other claims in this civil action.

New Orleans, Louisiana, this 22nd day of April, 2015.

_____
UNITED STATES DISTRICT JUDGE